IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL L. JONES                                              PLAINTIFF

V.                                    NO. 13-2003

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Michael L. Jones, brings this action pursuant to 42 U.S.C. § 406(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 406(g).

I.      **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 21, 2011, alleging an inability to work since June 1, 2006, due to back problems, arthritis, numbness in hands and arms intermittently, and neck problems. (Tr. 115-116, 119-125, 153, 157). An administrative hearing was held on April 2, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 24-41).

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

By written decision dated April 6, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of the lumbar and cervical spine, disorder of the cervical spine, osteoarthritis of the left hip, and peripheral neuropathy of the upper extremities. (Tr. 19). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant will be off task approximately one-third of the workday, secondary to pain.

(Tr. 19). The ALJ continued to find that Plaintiff was unable to perform any past relevant work, and that there were no jobs that existed in significant numbers that Plaintiff could perform. (Tr. 21). The ALJ concluded that Plaintiff had been under a disability as defined by the Act since June 1, 2006, the alleged onset date of disability. (Tr. 22).

On June 5, 2012, on its own motion, the Appeals Council sent a Notice of Appeals Council Action to Plaintiff, advising him that they were reviewing the decision, and found that the ALJ's decision was not supported by substantial evidence. (Tr. 110). Plaintiff's attorney was allowed to respond to said notice, which he did on June 20, 2012 (Tr. 220-222), and on November 2, 2012, the Appeals Council issued its unfavorable decision, finding that Plaintiff was capable of performing light work with certain limitations, and finding that under the framework of Medical Vocational Rule 202.21, he was not disabled from June 1, 2006, through April 6, 2012. (Tr. 1-11). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before

the undersigned pursuant to the consent of the parties. (Doc. 11). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

AO72A
(Rev. 8/82)

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.    Discussion:

There are very few medical records in this case. However, it is not disputed that in May of 2004, Plaintiff presented himself to St. Edward Mercy Medical Center, after having been involved in a skiing accident the previous day and hitting his head and neck. (Tr. 249). He complained of burning in his neck, along with tingling and numbness down both arms. (Tr. 249). CT's and MRI's were performed, and as indicated by the Appeals Council, revealed disc herniation at C5-6, which did not appear to be acute, and acquired canal stenosis at C3-4 with severe degenerative joint disease throughout the entire neck. (Tr. 249). On May 25, 2004, a

-4-

Cervical MRI w/o contrast was performed, which revealed:

> large left paracentral disc herniation at C5-6 with signal abnormality of the cervical cord at this level. Moderate-sized right posterolateral spondylitic ridging and disc protrusion at C6-7 with moderate-sized central disc protrusion/left paracentral disc protrusion at C4-5. Probable small central disc protrusion and spurring at C3-4.

(Tr. 254).

Plaintiff did not see any medical professional again until July 7, 2005, when he presented himself to Dr. Roy Russell at Sparks Preferred Medical Care, complaining of continued neck pain with radiation to the right arm. (Tr. 225). Plaintiff's neck was tender on both sides and out toward the shoulders, and his grips were strong, reflexes symmetrical and normal in the upper extremities, and his low back muscles were mildly tender. (Tr. 225). Plaintiff advised Dr. Russell that when he attempted to see Dr. Queeney after his emergency room visit in 2004, they discovered Plaintiff did not have insurance and refused to see him.  (Tr. 225).

The next medical report of record is dated February 28, 2009, when Plaintiff complained of low back pain to Dr. W. Lamar Kyle at Sparks Preferred Medical Care. (Tr. 223).

On July 6, 2011, a General Physical Examination was performed by Dr. Clifford Lamar Evans. (Tr. 230-234).  In his report, Dr. Evans reported that Plaintiff "Needs evaluation and DX of left hip." (Tr. 234).  He also opined that Plaintiff had mild to moderate limitations regarding his body as a whole because of pain, weakness and reduced range of motion of the left hip. (Tr. 234). A Physical RFC Assessment was completed by non-examining physician, Dr. Judith Forte, on July 25, 2011, who opined that Plaintiff would be able to perform light work with certain postural limitations and no overhead reaching currently and as of the date last insured. (Tr. 245).

AO72A
(Rev. 8/82)

The Court is concerned that neither the ALJ nor the Appeals Council found it necessary to follow the recommendation Dr. Evans, the examining physician, who indicated that Plaintiff needed an evaluation and diagnosis of his left hip, especially in light of the severe impairments revealed in the CT scan and MRI.  The Court therefore, cannot say that there is substantial evidence to support the Appeals Council's decision, and finds that this matter should be remanded in order for the Commissioner to send Plaintiff for an examination, evaluation, and diagnosis of his left hip, obtain an RFC from the examining physician, and to re-evaluate Plaintiff's RFC in light of the new examination.

**IV.    Conclusion:**

Accordingly, the Court concludes that the Appeals Council's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 14th day of February, 2014.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-