IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL L. JONES                                                                                   PLAINTIFF

V.                                             NO. 13-2003

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration                    DEFENDANT

### O R D E R

Plaintiff, Michael L. Jones, appealed the Commissioner's denial of benefits to this Court. On February 14, 2014, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 18). Plaintiff now moves for an award of $3,433.20 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 2.65 attorney hours of work performed before the Court in 2012, at an hourly rate of $180.00; 9.55 attorney hours of work performed before the Court in 2013, at an hourly rate of $183.00; and 1.80 attorney hours of work performed before the Court in 2014, at an hourly rate of $186.00.  In addition, Plaintiff requests compensation for 11.65 paralegal hours of work performed before the Court at an hourly rate of $75.00. (Doc. 20-1). Defendant has filed a response, stating that she does not oppose the requested hourly rate or the number of hours Plaintiff's counsel is requesting. (Doc. 21).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized

statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $180.00 for 2.65 attorney hours in 2012, $183.00 for 9.55 attorney hours in 2013; and $186.00 for 1.80 attorney hours in 2014; and an hourly rate of $75.00 for 11.65 paralegal hours, which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI-South-Urban Index in support of his requested hourly rate.  The Court finds that the CPI -South index supports an award based upon an attorney hourly rate of $180.00 for 2012, $183.00 for 2013, and $186.00

for 2014.[2]  See Johnson, 919 F.2d at 505.

With respect to the number of hours Plaintiff's counsel seeks, although much of the paralegal time is somewhat duplicative of the attorney time spent, the Court recognizes that Plaintiff's counsel is blind, and has been handling social security cases for many years.  In Stockton v. Shalala, 36 F.3d 49 (8th Cir. 1994), the Eighth Circuit Court of Appeals recognized that the attorney handling the case was blind, and that there will be some duplication of time between the attorney and paralegal, and that under the unique circumstances of that case, the full amount of the requested paralegal services was justified. Id. at 50.  The Court finds that the amount of time requested by Plaintiff's counsel for his work, as well as his paralegal's work, is reasonable under the unique circumstances of this case.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel.  Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff 's counsel should be awarded an attorney's fee under the EAJA for: 2.65 attorney hours in 2012, 9.55  attorney hours in 2013, and 1.80 attorney hours in 2014, at an hourly rate of $180.00, $183.00, and $186.00  respectively, and paralegal fees for 11.65 paralegal hours at an hourly rate of $75.00, for a **total award of $3,433.20.**  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

---

[2]Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI-South)= $182.99/hour - $183.00
2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI-South) = $186.25 hour - $186.00

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 20th day of June, 2014.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE